

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:GK  *271 Cadman Plaza East*
F. #2019V00377  *Brooklyn, New York 11201*

February 25, 2019

<u>By ECF</u>

The Honorable Jack B. Weinstein
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States of America v. Angelo Efthimiatos
              <u>No. 19-cv-288 (JBW)</u>

Dear Judge Weinstein:

      We respectfully submit this response pursuant to this Court's January 15, 2019 Order in connection with the above-referenced action in which Angelo Efthimiatos seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that he was wrongfully convicted of a federal offense in the District of Vermont and then improperly transferred to the Southern District of Iowa pursuant to an arrest warrant for a supervised release violation. <u>See</u> ECF No. 1, Petition ¶¶ 4–8, 10, 18, 20, 25, Ex. 2 (District of Vermont Criminal Complaint); Ex. 3 (Southern District of Iowa Arrest Warrant), Ex. 4 (District of Vermont Indictment).  Efthimiatos filed the instant Petition while temporarily detained at the Metropolitan Detention Center in Brooklyn ("MDC")—where he is no longer in custody—while in transit from the District of Vermont to the Southern District of Iowa.  <u>See</u>, <u>e.g.</u>, Petition ¶¶ 1, 11, 20, 32, Ex. 6 (Docket, <u>United States v. Efthimiatos et al</u>, 13-cr-00015-SMR-HCA).  He seeks an order authorizing his immediate release from custody, the vacatur of his criminal conviction in Vermont, and the dismissal with prejudice of the supervised release violation petition in Iowa.  Petition ¶¶ 11, 25, 40.

      For the reasons set forth herein, the Court should dismiss Efthimiatos's Petition for lack of jurisdiction under 28 U.S.C. § 2241, or, in the alternative, transfer it to the District of Vermont for further consideration.[1]

---

[1] The government respectfully reserves the right to contest the Petition on other grounds based on the records of the original proceedings should the Court determine that neither dismissal nor transfer is appropriate.

### A. Background

Petitioner, Angelo Efthimiatos, is a federal prisoner proceeding *pro se*. As is apparent from his Petition, Efthimiatos was on supervised release for a prior offense in the Southern District of Iowa when in April 2018 he was arrested and charged in the District of Vermont with one count of knowingly and willfully piloting an aircraft without an airman's certificate, in violation of 49 U.S.C. § 46317. See, e.g., Petition ¶ 25, Ex. 2 (District of Vermont Criminal Complaint), Ex. 3 (Southern District of Iowa Arrest Warrant), Ex. 4 (District of Vermont Indictment). Two days after his arrest, on April 12, 2018, United States District Judge Stephanie M. Rose in the Southern District of Iowa issued a warrant authorizing Efthimiatos's arrest for a supervised release violation. See Petition Ex. 3 (Southern District of Iowa Arrest Warrant).

Following a jury trial in Vermont resulting in his conviction on December 6, 2018, Efthimiatos requested to be transferred prior to sentencing to the Southern District of Iowa to contest the pending violation of supervised release. See Petition Ex. 3 (Southern District of Iowa Arrest Warrant), Ex. 5 (Docket, United States v. Efthimiatos, 18-cr-00049-CR)).[2] While being transported in custody by the U.S. Marshal Service to the Southern District of Iowa, Efthimiatos was detained temporarily at MDC where, on January 15, 2019, he commenced this action pursuant to 28 U.S.C. § 2241 by filing a petition for a writ of habeas corpus. See, e.g., Petition ¶ 2. Efthimiatos has since been transported to the Southern District of Iowa (Davenport), where he remains in custody.[3] He currently is scheduled to return to Vermont for sentencing on April 11, 2019.

### B. Argument

Efthimiatos's Petition is ineligible for Section 2241 relief because it challenges the legality of his conviction rather than the execution of his sentence. In addition, Efthimiatos has failed to demonstrate the inadequacy or ineffectiveness of a remedy under Section 2255—a prerequisite to bringing his challenge as a Section 2241 petition. Accordingly, the Court should dismiss the Petition. In the alternative, the Court should transfer the matter to the District of Vermont for further consideration.

---

[2] See also Unopposed Motion to Continue Sentencing, Dkt. No. 80, United States v. Efthimiatos, 18-cr-00049-CR, attached hereto as Exhibit A.

[3] Efthimiatos has personally appeared in the Southern District of Iowa on at least two occasions since the filing of his Petition, including at an initial appearance on January 25, 2019, and at a subsequent detention hearing on February 1, 2019. See Docket, United States v. Efthimiatos et al, 13-cr-00015-SMR-SBJ, accessed 02/25/2019, attached hereto as Exhibit B; see also Minute Entry, Docket No. 318, United States v. Efthimiatos et al, 13-cr-00015-SMR-SBJ, attached hereto as Exhibit C; Minute Entry, Docket No. 328, United States v. Efthimiatos et al, 13-cr-00015-SMR-SBJ, attached hereto as Exhibit D.

### 1. The Court Lacks Jurisdiction Over Efthimiatos's Claims under Section 2241, Warranting Dismissal.

Habeas corpus relief is available for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While 28 U.S.C. §§ 2241 and 2255 both create mechanisms for a federal prisoner to challenge his detention, the two sections "offer relief for different kinds of perceived wrongs." Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004). A petition under Section 2241 attacks the *execution* of a sentence and must be filed in the district court where the prisoner is confined. See, e.g., Chambers v. United States, 106 F.3d 472, 474 (2d Cir.1997). By contrast, a Section 2255 petition attacks the *imposition* of a conviction or sentence and must be filed in the district that imposed the conviction or sentence. See id.; see also Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001); Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

A Section 2241 petition challenging custody resulting from a federally imposed sentence is cognizable only when a federal prisoner can establish that the Section 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003).[4] If such a showing cannot be made, Section 2241 "cannot be invoked, and the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion." Id.; see also Triestman, 124 F.3d at 373.

Dismissal of Efthimiatos's Petition is appropriate because Efthimiatos challenges the legality of his conviction rather than the execution of his sentence or the terms or conditions of his confinement.[5] In particular, Efthimiatos alleges that (1) he was subjected

---

[4] The term "inadequate and ineffective" in the saving clause provision of Section 2255 refers to cases "'in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" Cephas, 328 F.3d at 104 (2d Cir. 2003) (quoting Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)). That is not the case here, as Efthimiatos can challenge his conviction in Vermont.

[5] The objections that Efthimiatos raises with respect to his confinement are limited to a challenge to the length of his pre-trial confinement in Vermont and a request to enjoin his transfer from MDC to the Southern District of Iowa. See, e.g., Petition ¶¶ 7–8, 25, 27, 31–36. However, both of these issues are now moot in light of Efthimiatos's conviction in Vermont and subsequent transfer—at his request—to the Southern District of Iowa, where he is currently being detained pending a final revocation of supervised release hearing on February 27, 2019. See Ex. A; Ex. B, Dkt. No. 329; Ex. C; see also, e.g., Thorne v. Warden, Brooklyn House of Det. for Men, 479 F.2d 297, 299 (2d Cir. 1973) (observing that since the petitioner "is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted") (emphasis in original); accord Kearns v. Turner, 837 F.2d 336, 337 (8th Cir. 1988)

to an unlawful search and seizure in violation of the Fourth Amendment; (2) he was denied Due Process and Equal Protection in part as a result of the improper influence of a biased judge; (3) the federal agents who carried out his arrest offered false testimony and engaged in witness tampering; and (4) he is actually innocent of the charged offense. See, e.g., Petition ¶¶ 9, 25, 27–28. Such challenges all fall squarely within the confines of a motion properly brought under Section 2255. See, e.g., Chambers, 106 F.3d at 474 (observing that Section 2255 provides for relief: "(i) where the sentence was imposed in violation of the Constitution or laws of the United States; (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack."); cf. Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (observing that challenges properly brought pursuant to Section 2241 include allegations involving "'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions'") (quoting Jiminian v. Nash, 245 F.3d at 146).

Furthermore, Efthimiatos has not made any attempt to establish that filing a motion pursuant to Section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5. Indeed, it is not clear how Efthimiatos could make this requisite showing, as there is no suggestion that Efthimiatos's claims cannot be raised in a Section 2255 motion, or that a failure to allow for collateral review at this stage would raise any "serious constitutional questions," particularly as Efthimiatos filed a motion for judgment of acquittal or for a new trial in the District of Vermont six days after filing this Petition.[6] See Cephas v. Nash, 328 F.3d at 104 (observing that cases raising such "serious constitutional questions" are "relatively few," and have included only those involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time'") (quoting Triestman, 124 F.3d at 377). Further, Efthimiatos's time to file a direct appeal has not yet run, providing him with an additional opportunity to raise any appellate challenges. Notably, a Section 2255 motion would be timely if filed within a year after Efthimiatos's conviction becomes final. 28 U.S.C. § 2255 (f).

Because Efthimiatos cannot demonstrate that the savings provision of Section 2255(e) applies in this case, Efthimiatos is not entitled to relief under Section 2241 and his Petition should be dismissed. See generally Cephas, 328 F.3d at 104 ("[W]here … petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of §

---

(observing that insofar as the petitioner sought to enjoin his transfer "there [was] no longer a live controversy" as he "has been transferred and sentenced; the matter [was] moot"); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that appropriate remedy for a delayed revocation hearing is a writ of mandamus to compel a hearing, "not a writ of habeas corpus to compel release … or to extinguish the remainder of the sentence").

[6] See Dkt. No. 90, United States v. Efthimiatos, 18-cr-00049-CR, accessed 02/25/2019, attached hereto as Exhibit E.

4

2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted"). Moreover, because Efthimiatos is challenging his conviction, this Court lacks jurisdiction to consider the Petition, as the proper forum for the claim is the District of Vermont, where the conviction was imposed. See 28 U.S.C. § 2255 (providing that a prisoner in custody may "move the court which imposed the sentence").

### 2. In the Alternative, the Court May Transfer the Matter to the District of Vermont.

In the event that the Court concludes that Section 2241 relief is not available, in lieu of dismissing the Petition outright, the Court may in its discretion transfer the matter to the District of Vermont for further consideration. See 28 U.S.C. § 1631; Ninette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) (recognizing that where venue is improper this Court has "statutory and inherent authority to transfer" a case to another district "in the interest of justice"); see also Bolar v. Frank, 938 F.2d 377, 379-80 (2d Cir.1991) (per curiam) (same); Andrews v. United States, 373 U.S. 334, 338 (1963) (observing that for prisoners' challenges to allegedly unlawful imprisonment, "adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents").[7] The government raises this alternative without waiving any right to assert other procedural-bar arguments before the Vermont court or to contest the Petition on other grounds if appropriate based on the records of the original proceedings.

### C. Conclusion

For the reasons set forth above, Efthimiatos's Petition should be dismissed. In the alternative, the Petition should be transferred to the District of Vermont for further adjudication.

---

[7] Should the Court elect to construe the motion as a petition to vacate Efthimiatos's conviction pursuant to 28 U.S.C. § 2255, the government respectfully requests that the Court solicit the Efthimiatos's consent to characterize his motion as a habeas corpus petition under Section 2255, warn him of the consequences of recharcterizing his motion, and allow him to withdraw or amend his petition to include any other claims that he believes he may have prior to transferring the case to the District of Vermont. See Castro v. United States, 540 U.S. 375, 383 (2003); see also Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). Indeed, such precautions are particularly important where, as here, a petitioner's time to file a direct appeal has not yet elapsed, such that his interests may better be served through the filing of a direct appeal in the first instance, where a more favorable standard would apply as compared to the applicable standard under Section 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 184 (1979) ("It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

                                              Respectfully submitted,

                                              RICHARD P. DONOGHUE  
                                              United States Attorney

                        By:     /s/ Gillian A. Kassner  
                                              Gillian A. Kassner  
                                              Assistant U.S. Attorney  
                                              (718) 254-6224

cc:     Clerk of Court (JBW) (By ECF)  
        Angelo Efthimiatos (By certified return receipt first class mail)